The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good afternoon. This next case is case number 4-22-0400, People v. Alvin Brown. Could counsel for the appellant please state your name? Christopher McCoy. Thank you. And for the appellee? David Mason with the appellate prosecutor's office. All right. Thank you, counsel. Mr. McCoy, you may proceed with your argument. May it please the court, counsel? My name is Christopher McCoy and I represent Mr. Alvin Brown. Your Honors, there are two issues presented in this case. First, whether the amended Class X sentencing provision should apply when it became effective prior to the denial of the motion to reconsider sentence. And second, whether post plea counsel failed to comply with his duties under Rule 604D. On the first issue, it's undisputed that under the amended statute, Mr. Brown was not eligible for a Class X sentence because he did not commit a forcible felony. Of course, the question is, does that amendment apply in this case? And as we noted in our reply brief, there's a split in the districts on this issue with the second district in Spears finding that this amendment would apply, whereas the third district reached the opposite conclusion in an unpublished decision, People v. Foster. And I would just like to note that a PLA is currently pending in Foster. But regardless of that, this court should follow Spears. And the key reason why that Spears was correctly decided is because there were still both in Spears and in Mr. Brown's case, there were still ongoing proceedings in the trial court after the statute became effective. And this is treated differently than when a case, when an amendment becomes effective when a case is on direct appeal. And we see that in People v. Hunter from the Supreme Court. In that case, the amendment became effective when the case was already on direct appeal and the Supreme Court held that that statute did not apply retroactively. However, Hunter also said that an amended statute would apply to quote a case in which trial court proceedings had begun under the old statute, but had not yet concluded. And that's exactly what we have here. The proceedings began under the old statute, but they not yet concluded because of the 604 D remand. Counsel, did Spear discuss the Supreme Court's decision in People v. Lyle? Or when the case was on direct appeal. So it's really hard to say if that case answers the question presented here. Also, Lyle was decided, I believe, in 1945. So it was about 30 years before 604 D was enacted. And so because of that, it doesn't really answer the question. It's not dispositive of the issue presented here. Well, I'm not sure of the relevance of the timing of the Lyle decision to 604 D. Maybe the timing of Lyle with section four of the statute on statutes. Because that's really what we're talking about here in terms of the effective date of this sentencing provision, right? Correct. My only point with 604 D is that that has fundamentally changed how guilty plea appeals are conducted. And so because of the strict waiver requirements in that rule, that's the only relevance to it. The main distinction is really we don't know where that case was procedurally when the amendment became effective. Thank you. And I would also like to note that because Lyle is unclear, there's really no case besides People v. Foster where a court has held that amendment does not apply when there are ongoing proceedings in the trial court. And one case that really exemplifies what we have here is People v. Caleros. In that case, the defendant pled guilty. He was sentenced, filed a motion to a post plea motion. Council filed a 604 D certificate and the trial court actually ruled on that post plea motion. But then between the time of the ruling on that motion and the notice of appeal, the certificate requirement in 604 D was amended. So the appellate court in Caleros held that council should have actually refiled the certificate because the amendment did apply in that case. And what the takeaway is from Caleros is that something happened in the trial court, then there's an amendment, and then this thing, the certificate in Caleros, had to be redone. And that's the same basic thing that would be required in this case as well. The defendant was sentenced, we have an amendment to the Class X provision, and he needed to be resentenced as a result of that. Counsel, in regards to Foster and the PLA, do we have a sense of, is it the issue that we're discussing right now that is the focus of what the Supreme Court is looking at in that case? Did Foster involve another issue other than this one where it disagreed with Speer? It is slightly different. The issue in Foster, the issue on appeal, they didn't argue that this statute should apply retroactively. The defendant didn't argue that in Foster. The issue was, should counsel at sentencing have, or at the motion to reconsider sentence, have told the court about this amendment to the rule as a reason for the court to reconsider the sentence, even though it didn't, even though they were not claiming that it actually applied? So, it's not exactly the same issue that we have here. However, the third district was pretty clear that they disagreed with Speer in the course of that decision. But the PLA is, yes, on a slightly different issue. And one of the crucial tests in this area of law is feasibility. And case law tells us that feasible is not synonymous with convenient. So, even though it may not have been convenient for resentencing in this case, it certainly was feasible because the trial court had ongoing proceedings. And because of the motion to reconsider sentence, it had the ability to pronounce a different sentence. Is it your position, Mr. McCoy, that the true measure here is whether the trial court retains jurisdiction over the case? Because you seem to be going, you're talking a lot about finality of the sentencing order versus the denial of the motion, post-sentencing motion. But really, in its heart, you're saying as long as the trial court has jurisdiction, then the statute applies retroactively if it occurs in that window. Correct. Correct. Yes. So, it's whether there's ongoing proceedings in the trial court is how it was phrased. But if there would be an otherwise final order, and the 30-day clock is ticking down, and there's no activity, there's no proceedings, but the statute takes effect on day 20 of that 30-day clock, by your position, that's ripe to have the issue re-raised. Yes, correct. And I believe that Calero supports that because that was also, obviously, it's a slightly different factual situation, but the amendment did occur in that 30-day window between the denial of the post-plea motion and the notice of appeal. And just also on this issue, this would not have required a completely new sentencing hearing even from the trial judge. There was certainly no allegation that new witnesses needed to testify or anything along those regards. So, this is really not very different from how a normal motion to reconsider sentence would proceed. And my final point on this first issue, at least, at the very least, Mr. Brown's interpretation is reasonable. So, such that the rule of lenity should apply in his favor. Certainly, another appellate court district has agreed with this position. And so, for all of those reasons, we would ask this case be remanded for a new sentence in the Class 2 sentencing range. Mr. McCoy, I'm thinking of a hypothetical, and it's a half-baked hypothetical, so I'm sure you'll tell me where I'm wrong about this. Let's just say that there was a post-conviction petition instead of 604D remand that occurred here. And so, it occurred long after defendant's direct appeal had concluded or he didn't bring a direct appeal. And the upshot of the post-conviction petition goes up on appeal, and the appellate court decides defendant's entitled to a new sentencing hearing. If you assume that there's been an amendment made effective after the date of the original sentencing, would defendant, that post-conviction defendant, be entitled to the more lenient version of the sentencing statute in that situation? Yes. Yes, I believe so. And I believe if you look at some of the recent remands under people we buffer for some of the juvenile sentencing provisions, a lot of those occurred via post-conviction petition. And generally, when they get sent back for resentencing, they are applying the new sentencing provisions like the Miller factors and some of those other, the juvenile parole provisions. So, most of those are being applied. So, yes, in that situation, when you get a new sentencing hearing, the defendant would be able to elect on the more lenient sentencing law. Thank you. Turning then to issue two, if this case is not remanded for resentencing, it should at least be remanded for new post-plea proceedings. And the reason why is because counsel failed to comply with 604D. The, there was the certificate in this case was sufficient on its face, but it was refuted by the record because counsel did not make the appropriate amendments to the post-plea motion. In short, the one issue that was in counsel's motion was withdrawn at the hearing on that motion. And then the one issue that was raised at that hearing was not in the written motion. So, essentially, the end result was everything was forfeited. And as this court held in People v. Little that when a defendant is left with no appealable issues, counsel did not comply with Rule 604D. And similarly, in two other cases, People v. Winston and People v. Willis, in both of those cases, the defense counsel or post-plea counsel orally raised an issue at the hearing that was not in the written motion. And in both of those cases, the appellate courts held that that refuted a facially sufficient certificate. So, based on the reasoning of those cases, this case at least should be remanded for new post-plea proceedings. And unless there are any further questions, Mr. Brown asked that this court either remand the case for resentencing or for new post-plea proceedings. All right, thank you, Mr. McCoy. You'll have time for rebuttal. Mr. Manchin, argument? Good afternoon, Your Honors. May it please the court, counsel? In this case, the defendant's claim is that he should be allowed to use a statute that was enacted two years after he was sentenced. And I think that under Lyle and under Hansen, or Hansen, which is cited in Foster, both out of the Illinois Supreme Court, and in Hansen, the case defendant was sentenced 15 days later, the statute was changed, and the defendant claimed that the statute should be applied to his sentence. And in Hansen, the Supreme Court said no, that the statute on the statutes applies, that the new sentencing provisions applies only to those cases in which the new law became effective prior to the date of the actual sentence. The actual sentence here was two years before the amendment to the statute. So under the very express terms of the statute on statutes, he is not entitled to the election. Looking at the statute on statutes, it says no new law shall be construed to repeal a formal law as to any act done, any penalty, fortunate, or punishment in crude under any formal law. He is already in crude a sentence under the formal law. And the statute on statutes says that the new sentencing provision may be, by consent of the party, be applied to any judgment pronounced after the new law takes effect. The judgment was issued before the new statute was in effect. Under this express language of that statute, and under the holdings of Lyle and Hansen, the defendant is simply not entitled to the election. And I think Foster is correct in following Lyle, which was totally ignored by Foster. Mr. Manchin, on the example of the post-conviction situation, or really any situation that would give rise to a resentencing, if there is a resentencing, is he entitled to the benefit of the new statute? That is, there's also a split of authority on that question, and some cases say that no, when you're, the general rule is when it's remanded for sentencing, you're remanded as at the time of the sentence, rather than anything that has gone on between the original sentencing and the resentencing order, or the order, or the remand. So that, in effect, you would be back to square one under the original statute. And I would submit under the express language of the statute that he would not be entitled to. But even assuming, if it gets reversed, and he gets, even assuming it, he could be entitled to it on remand, that does not entitle him under the express terms of the statute to ask for the relief in the appellate court, just because the case happens to have lingered in the trial court for two years, while, while waiting for the new ruling on the second motion to withdraw the plea, or was reconsidered sentence. The statute expressly says it does not affect any punishment accrued. He's already accrued the amendment does not affect any punishment accrued. It has been accrued. I think that's a tougher question if it's a resentencing because the what had accrued is now gone. But would it be, would it be your position that regardless of whether if there's a resentencing he could rely on the new statute. The new statute is the reason for resentencing. Correct. That's my, that's my position is that under the express terms of statute is the it applies only after the new law takes effect. So, it cannot be the basis for remand because it did was not in effect at the time that the sentence was accrued so whether he could be resentenced under the new statute. If it was remanded for any other reason, doesn't answer the question of whether he should be allowed to raise the issue in the first place. Because under the express terms of the statute, and under the holding of the Supreme Court in Lyle and Hanson. The court answer that question is no, unless the statues in effect at the time. The judgment is pronounced, it cannot be applied. So the new statute simply cannot be applied here. And I, I will make one note these Bennett has raised a claim that trial counsel was ineffective for not raising this election question in the trial court. And if you look at pages 130. I think it's 138. No 128 to 132. Well, it was never raised in the written motion to withdraw the plea. The Defense Council does discuss the new effect new statute, and says he had talked to the state's attorney about having the new statute apply, but he also refers to the new statutes so that the record does show that trial counselor was aware of the potential application of this statute, but at most, made a mistake in judgment as to whether it would apply it or foster would not apply under the second district decision. So it's hard to say that council was ineffective for not raising the issue when he did raise it tangentially, especially given the split in authority. That's being a little harsh on trial counsel, but nevertheless, I think that this that under the law, as written, and under the decisions of the Illinois Supreme Court, the defendant is simply not entitled to make an election. Now with regards to 604 D certificates. We have here, a unusual circumstance, it gets remanded at the first hearing. The defense counsel says the trial court and defense counsel inform the defendant he has two ways to proceed. They can either just file the new 604 D certificate and proceed with the appeal and not have another hearing. Or they could have file a certificate and hold a hearing. Defendant in open court says I just want the certificate filed I don't need a new hearing, but they hope they continue the case anyway to allow counselor discuss the issue. And ultimately, a new motion to withdraw the plea is filed. On the date of the hearing, counsel is hit with a statement by the defendant that I don't want to withdraw my plea I just want to challenge my sentence. So, and that's put on the court so this is a case where the record clearly shows that counselor did exactly what his account, his client wanted him to do. He filed a motion to withdraw the plea, but then on the date of the hearing, the defendant changes his mind and says, I want to challenge the sentence. And then they stipulate to the arguments that have been presented prior to the remand regarding the validity of the sentence. So the defendant has had two full hearings on whether or not the sentence was excessive or improper, and is now seeking remand for a third one, based on a at most technically deficient 604 D certificate, because the about the only thing Council could have done on that day when told by defendant, I don't want to withdraw my plea I want to go to the channel my sentence and said was to have asked for a continued once and filed another motion rather than asking the I think that the claim that 604 D was not complied with this case should be rejected based upon the unusual circumstances of the case, and the fact that as in spring. I think it was. Surely, the defendant has already had two full hearings on the question of the excessiveness of this sentence and a remand for a third time just because the certificate is technically invalid is just simply waste of everybody's time and resources. So I submit that this court should revert reject the defendant's contentions and affirm the judgment below. If there are no other questions. All right, I don't see any. Thank you. Mr McCoy rebuttal argument. Regarding argument number one in people be Hanson, it really suffers from the same problem as Lyle. Yes, there is good language for the state in Hanson, as there is in Lyle. But if you look at the facts of that case, it's not clear if a notice of appeal had been filed before the statute was amended. Now it says in Hanson, the sentence was 13 days before the amended statute became effective. We don't know if a notice of appeal was filed within that 13 days so again, it's not dispositive on this issue. And instead, what this court court should look to is hunter, which is much more recent decision from the Illinois Supreme Court, and particularly on the part I quoted in my opening argument, which is from paragraph 30 of people be hunter, where it held that the And again, that's the situation we have here and that's the most recent word from from the Illinois Supreme Court on that subject, but but there again you're equating the fact that the jurisdictional 30 day clock hadn't expired with not concluded. Even if the sentencing order which is presumptively the final order in the case has already been in. Correct. Correct. And, and again, I would point to people be Caleros, as the reason why it is the jurisdiction. That is the key. If, if you look at people be Howard to that that was before the final judgment but that's another case where it's still proceeding in the trial court. And Illinois Supreme Court said it should apply the amended statute should apply to that case in Howard it was a juvenile transfer provision. So the case was already in the adult court, but because of the amendment. The Illinois Supreme Court said it had to be sent back to juvenile court for a discretionary transfer hearing. So, again, it's the same different procedure in this case, different procedural posture but it's the same principle so yes, we are arguing that jurisdiction is the key for whether or not there are ongoing proceedings in the trial court. And in terms of counsel's argument that trial counsel was not ineffective because he mentioned this. The problem is trial counsel did not allege that this statute applied, he admitted it did not. And he didn't put it in a written motion so it's the same, the same issues with not preserving this for appeal so that's not effective assistance by trial counsel. And finally, on issue to what counsel needed to do when he found out that his client wanted to attack the sentence was asked for continuance and and then file a new written motion, raising this claim. It's because 604 D requires a written motion, not just an oral argument that that's that's the problem here. So counsel did not comply with the, the letter of the law of 604 D. And this was not just technical non compliance with the statute. And so surely does not apply in this case. It's a case where the issue is not preserved with the defense counsel preserve nothing for appeal, and went forward on a motion, arguing things that had never been issued, never been argued in a written motion up to that point so that did not constitute a full and fair hearing. So, an additional remand is is required in this case. Unless there are further questions Mr Brown reiterates that he requests this court to either remand for resentencing or for new post plea proceedings. All right. Thank you, Mr McCoy. Thank you both. The case is going to be taken under advisement and a written decision will be issued. The court stands in recess.